IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FREDERICK PENNINGTON,                                                           PLAINTIFF
ADC #71305

v.                                        5:12-cv-00227-BSM-JTK

ADAM J. BLACKSTOCK, et al.                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Plaintiff Frederick Pennington, Jr., a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. No. 1). Although Plaintiff submitted a declaration that makes the showing required by § 1915(a), his Motion will be denied.

### II. SCREENING

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(a). Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil

action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court notes that plaintiff has had several complaints dismissed as frivolous and for failure to state a claim.[1]  In addition, the Court finds that Plaintiff Pennington's present Complaint does not allege facts to indicate that he is under imminent danger of serious physical injury in this action.  Although he states that he was attacked in his sleep by another inmate, and therefore, was subjected to imminent danger of harm at that time, his allegations against Defendants are based on their post-attack actions connected with filing a disciplinary charge against Plaintiff.  A prisoner asserting the imminent danger exception must plead specific factual allegations that he was in imminent danger at the time of filing his lawsuit, and "[a]llegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception...." Ashley v. Dilworth, 147 F.3d 715, 716, (8th Cir. 1998).

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff Pennington's Motion to Proceed In Forma Pauperis (Doc. No. 1) be DENIED.

---

[1] See Pennington v. Cauley, et al., 4:97-cv-00935-ETR; Pennington v. Huckabee, et al., 4:98-cv-00027-BRW; Pennington v. Brownlee, et al., 5:99-cv-00184-SWW; Pennington v. Norris, et al., 5:99cv00225; Pennington v. Pryor, et al; 4:00-cv-00748-BRW.

2.	Should Plaintiff wish to continue this case, he be required to submit the statutory filing fee of $350.00 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

3.	Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 2nd day of July, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE